BENJAMIN C. BARCLAY *vs.* JOHN G. HARTMAN.

New Castle County, May Term, 1896.

**Animal. Negligence. Notice.**—The owner of a domestic animal is not liable for injuries caused by it, unless the animal is fierce or ferocious and the knowledge that it is so, is brought home to him. Notice of the character of the animal may be either actual or constructive, the latter existing where the facts and circumstances are brought to the knowledge of the owner tending to show that the animal is a dangerous one.

This was an action on the case to recover damages for the bite of a dog. At the trial Benjamin C. Barclay, a witness for the plaintiff, in his testimoney said, " Mrs. Hartman stated that she kept the dog to keep tramps away.

*Saulsbury*, for the defendant, moved that this be stricken out as immaterial and irrelevant, admitting that knowledge that a servant had of the dog, is notice of the dog's ferocious nature, but here is a statement without any proof that the dog had been in Mrs. Hartman's company or that she knew of its ferocious nature, but that she kept him to help keep tramps away.

*Hilles*, for the plaintiff. The law as to *scienter* has been laid down in this State and the knowledge of the wife or servant of the owner or harborer is the knowledge of the owner on the ground of agency. If the dog is kept as a watchdog, the very purpose for which he is kept is evidence of his character. *Gladman vs. Johnson*, 3 L. J. 153; *Baldwin vs. Casella*, L. R. 7 Ex.325; *Price vs. Chamberlain*, 7 Houst. 20.

LORE, C. J. We think it admissible. It goes to the *scienter*.

John G. Hartman, a witness called by the defence, was asked in cross examination, "was the dog registered?"

Saulsbury, for the defendant, objected.

*Hilles*, for the plaintiff, contended that he could show the defendant was keeping the dog in direct violation of an ordinance of the city.

LORE. C. J. The negligence must go directly to the accident. Here it would not. The objection was sustained.

*Hilles*, for plaintiff, submitted the following prayers for instructions:

1. While a dog is a domestic animal and is presumed not to be a public nuisance, when once it is shown that the dog is of ferocious propensities, and the owner or keeper of the dog has notice of such propensities, such owner or keeper has the dog at his own risk and is responsible for any injury inflicted by it upon a person free from

fault, apart from any question of negligence in the keeping of the dog. *May vs. Burdett*, 9 Q. B. 101 ; *Smith vs. Pelah*, 2 Strange 1264 ; *Jones vs. Perry*, 2 Esp. 482 ; *Oakes vs. Spaulding*, 40 Vt. 347 ; *Graham vs. Payne*, 122 Ind. 403 ; *Dougherty vs. Hutson*, 125 Ind 102 ; *Wolf vs. Chalker*, 31 Conn. 121 ; *Evans vs. McDermott*, 49 N. J. L. 163 ; *Earhart vs. Youngblood*, 27 Pa. St. 331 ; *Kittridge vs. Elliott*, 16 N. H. 77 ; *Earl vs. Vanalstein*, 8 Barb. 630 ; 1 Thomp. Negl. 182 ; Poll. Torts 406 ; 2 Shearman and Redfield, Negl. §§ 626–632 ; Cooley, Torts 344 ; 3 Eng. Rul. Cas., 108–121.

2. It need not be proved that the dog had previously bitten mankind. It is sufficient to prove that the dog was of a ferocious nature, and that his keeper had reason to apprehend that under some circumstances he would bite mankind. *Godeau vs. Blood*, 52 Vt. 251 ; *Kittridge vs. Elliott*, 16 N. H. 77 ; *Wroth vs. Gilling*, L. R. 2 Com. Pl. 1 ; Wood, Nuisances § 761.

Nor is it necessary that more than one act of viciousness be proved. In the leading case on this subject, (*Smith vs. Pelah*, 2 Strange 1264), Chief Justice Lee delivered the following concise opinion, which will be found quoted with approval in all well considered cases on this subject :

" If a dog has once bit a man and the owner, having notice thereof, keeps the dog and lets him go about or lie at his door, an action will lie against him at the suit of a person who is bit, though it happen by such person treading on the dog's toes, for it was owing to his not hanging the dog on the first notice, and the safety of the King's subjects ought not afterwards to be in danger. The *scienter* is the gist of the action."

If the dog is kept as a watch dog, the very purpose for which he was kept is evidence of his vicious character. *Brice vs. Bauer*, 108 N. Y. 428 ; and it has been frequently held that the necessary knowledge of viciousness may be implied from precautions taken by the owner, as where he chains up a watch dog by day and looses him by night. *Montgomery vs. Koester*, 35 La. Ann. 1091 ; S. C. 48 Am. Rep. 253 ; *Goodeau vs. Martin*, 57 Md. 606 ; *Goodeau vs. Blood*,

52 Vt. 251; *Muller vs. McKeesson* 73 N. Y. 195; *Rider vs. White*, 65 N. Y. 54; and further, that the owner or keeper may be chargeable with knowledge through his negligence to take notice of its vicious habits. *Earle vs. Vanalstein*, 8 Barb. 630; and if a person has a dog in his possession for a considerable length of time, which dog has been in the habit of rushing into the highway, and of barking at, chasing or attacking teams in a ferocious manner, a question is presented to the jury to find whether the owner was aware of such habit, or, if not, if he was negligent in not knowing it, and the facts may be such that it may be well found that he ought to have known it, and therefore imply notice to him. *Knowles vs. Mulder*, 74 Mich. 202; 2 Shearman and Redfield, Neg. 632. That the dog only attacked one class of persons, is immaterial. *Hudson vs. Roberts*, 6 Excheq. 699.

3. The knowledge of the wife or servant is the knowledge of the husband or master. *Gladman vs. Johnson*, 3 Law Journal C. P. 153. Opinion cited at length in *Applebee vs. Percy*, Law Rep. 9 Common Pleas 647; *Price vs. Bauer*, 108 N. Y. 428; *Baldwin vs. Casella*, Law. Rep. 7 Excheq. 325.

4. The plaintiff, if entitled to recover in this case, may recover for all injury sustained, including loss of time, pain, suffering, including the fear of hydrophobia, although never actually sustained. *Gudeau vs. Blood*, 52 Vt. 251.

*Saulsbury*, for the defendant, asked for instructions as follows:

That if the jury believe that Barclay, the plaintiff, was playing with the dog, and accidentally while in play the dog's tooth entered his hand, the plaintiff cannot recover and the verdict must be for Hartman, the defendant.

That even if the jury are satisfied that the dog bit Barclay's hand, he cannot recover for the injury unless the jury are satisfied from all the evidence, including the appearance of the dog himself, that the dog is a ferocious animal accustomed to bite and attack mankind, and further that Mr. Hartman, the defendant, knew that the animal was ferocious.

That even if the jury believe that the dog bit Barclay's hand and if they believe the dog to be ferocious and accustomed to bite mankind, unless it has been proven to their satisfaction by the weight of evidence that Hartman or his servant knew that the dog was ferocious and dangerous, the verdict must be for the defendant for it is absolutely necessary that the defendant's knowledge that the dog was ferocious be proved. *Warner vs. Chamberlin*, 7 Houst. 18-21 ; *Staetter vs. McArthur*, 1 Am. Neg. Case 153; 33 Mo. App. 218.

CULLEN, J., (charging the Jury) :

This is an action on the case brought by Benjamin C. Barclay against John G. Hartman, to recover alleged damages by reason of injuries inflicted by the bite of a dog, the property of the defendant, Mr. Hartman.

It is alleged on the part of the plaintiff in this case that while passing along the highway or streets of this city on the twenty-first of October, 1895, he was attacked by the dog of the defendant and was bitten through the hand.

There is no dispute as to the law in this case ; it is a matter of evidence entirely. Yet it becomes necessary for the Court to lay down to you the law upon this subject.

Every man in the use and occupation of either real or personal estate has a right to use it as he sees fit; but there are imposed upon him certain duties connected with the use of said property. A man may not, and cannot use real estate in a manner which may be injurious to the community in which he lives, nor to the neighbors who surround him.

Nor can a man own personal property which becomes a nuisance ; or, in other words, which becomes an injury or an inconvenience to those around him.

In relation to this matter of animals; a man may own animals of a vicious character by nature. That *per se*, of itself is not sufficient—if a man, for instance, owns a tiger and attempts to take it around, unless secured so as to give notice of danger to the public,

it would render him liable for any accident which might happen to any person.    But as regards domestic animals, that is not the rule. There the person is not liable, unless such animals are vicious or ferocious in their nature and that knowledge is brought home to their owner.

The question of notice lies at the root and foundation of this action ; for no man who keeps a dog, no man who has a dangerous animal—which is most often spoken of in the books—is liable, unless knowledge of the dangerous nature and character of that animal is brought home to him.

Notice may be of two kinds.    It may be an actual notice— that is, knowledge brought home to the party himself that his dog has bitten a certain person at a certain time, under certain circumstances ; which he had no right to do ; or a man may keep a vicious bull, and may have notice brought home to him of some immediate injury he has done.    That is actual notice.    In case of any accident happening or injury being done either by one animal or the other, in that case, the master would be liable.

But that is not the only case in which the master may be liable.    Their may be a case in which there is no actual notice, but where there are certain facts and circumstances which being brought to his knowledge, imply notice ; that is, by reason of the duty that is imposed upon him, he reasonably ought to know.    If a man has a dangerous dog—though he may never have bitten any person— if he is of a vicious and ferocious character, and that knowledge is brought home to his wife,—under those circumstances, in case of an injury inflicted by that dog, he unquestionably would be liable, though no actual notice had been given.    In other words, that is what the law terms constructive notice ; which means nothing more nor less than that there are facts and circumstances which are brought to his knowledge tending to show that the animal is a dangerous and ferocious animal; and therefore he would be liable for any consequences which may result from the viciousness of the animal.

You have heard the testimony in this case, and it is a matter

entirely for you to say whether or not this dog was of a ferocious and vicious character.

It is not contended here that there was any actual notice given in this case; and the question therefore depends upon the question whether there was notice given from the facts that have been proved here, such that this defendant reasonably should have taken notice. In other words; whether that notice is of such a nature and character as brings home to him a knowledge for which he is responsible, and whether he was acting in violation of a duty imposed upon him by law. That is a matter for you to judge of, having heard the testimony in this case.

We have been asked to charge you in relation to a preponderance of testimony. In criminal cases the testimony must establish the charge beyond a reasonable doubt. In civil cases the law is different; there a preponderance of testimony is sufficient. That testimony may be positive or it may be negative. Positive testimony is that which bears directly upon the facts in the case. Negative testimony is not as to the immediate fact or occurrence, but facts from which you might infer that the act could not possibly have happened. In other words; the one is affirmative, the other negative. We therefore say to you that positive testimony is more reliable and is stronger than negative testimony.

All the facts in this case are before you—as the Court understands, there is no dispute as to the law. It depends entirely upon the facts.

If you are satisfied that Mr. Hartman was the owner of a ferocious and vicious dog, that either by actual or by constructive notice this fact was brought home to him, then in that case your verdict should be for the plaintiff—provided you are satisfied that the injury was inflicted upon him in the manner in which he has stated. The narr in this case having alleged a *scienter*—that is, that this defendant kept this dog knowingly, it is necessary that it must be proved that he knew the vicious habit of the dog. If you are not satisfied upon that question, your verdict should be for the defendant. If you should be satisfied from the facts and circum-

stances proved here that this plaintiff is entitled to recover, that it was by and through the default and the wilful negligence of this defendant in not discharging the duty which he owed to society; then in that case you should give to this man such damages as arose from the injury he sustained, including nursing—medical attendance having been already paid, would not come in—together with pain and suffering in body. In other words, for the mental pain and suffering and the actual injury he sustained, and loss of employment, if any.

*The jury disagreed.*